FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 11, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LUIS ANDRE PEREZ,<br><br>                Petitioner,<br><br>   v.<br><br>MICHAEL SPARBER,<br><br>               Respondent. | NO: 2:22-CV-00238-RMP<br><br>ORDER DISMISSING ACTION |

BEFORE THE COURT are Petitioner Luis Andre Perez's First Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 18, a Motion to Amend to Name Proper Respondent, ECF No. 15, and a Motion for Emergency Discretionary Review forwarded to this Court from the Ninth Circuit Court of Appeals on January 4, 2023, ECF No. 20. Petitioner, a pretrial detainee at Spokane County Detention Services, is proceeding *pro se* and *in forma pauperis*. ECF No. 13. Respondent has not been served.

By Order filed December 2, 2022, the Court advised Petitioner of the deficiencies of his initial petition and granted him leave to amend within sixty (60)

ORDER DISMISSING ACTION -- 1

1  days. ECF No. 13. On December 6, 2022, the Court addressed Petitioner's
2  submissions of supplemental documents, directing him to present no more of these
3  documents unless directed to do so by the Court and reminding Petitioner of the
4  opportunity to file an amended petition. ECF No. 16. Nevertheless, Petitioner has
5  continued to present unsolicited supplemental materials to the Court, ECF Nos. 17,
6  19.

7      The Court notes that the first 11 pages of ECF No. 19 are duplicative of ECF
8  No. 9 at 1–11. The first seven pages of ECF No. 17 are titled, "In Memorandum of:
9  Officer Andrea Lauren Porter's Admissions of Guilt on Recorded Phone Calls
10 Within the State's Possession (Federal Indictments) – Petitioner's 'Impeachment
11 Evidence.'" Plaintiff complains that the state has failed to act to prosecute Ms.
12 Porter. *Id.* at 1–7. The United States Supreme Court has long held that "a private
13 citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of
14 another." *Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973). To the extent that
15 Petitioner complains of the non-prosecution of the complaining witness, he is not
16 entitled to relief in this Court.

17     Although granted the opportunity to amend his petition to demonstrate that he
18 has exhausted his state court remedies regarding his habeas corpus claims, *see* ECF
19 No. 13 at 3, Petitioner has not done so. Instead, he asserts that "[t]o proceed through
20 the state courts would nullify my constitutional rights and silence every victim who
21 reports sexual abuse and outrageous misconduct by a state actor while under color of

ORDER DISMISSING ACTION -- 2

state law." ECF No. 18 at 2.  Petitioner contends that "[a]s a victim of repeated sexual abuse and assaults with a deadly weapon, I deserve my dignity, my integrity, and ultimately my innocence.  The state has already conflicted with federal law and policy.  If an officer of the law can get away with this type of conduct and continue to humiliate the victim by fabricating stories out to make him be the perpetrator, what is the purpose of P.R.E.A?"  *Id.* at 7.  Petitioner contents that "[i]f this Court does not intervene, the irreparable harm would be for victim's to stop using their voice in fear of retaliation.  No appellate process can restore that.  Nothing throughout the state appellate process can restore my I, IV, V, VI, VIII, and XIV Amendments of the U.S. Constitution.  More importantly, nothing can restore the emotional damage and psychological warfare I have dealt with."  *Id.*  (as written in original).  He asks this Court to intervene and restrain his prosecution in Spokane County Superior Court, case No. 22-1-10032-32.

For the reasons set forth in the Order Granting Leave to Proceed *in Forma Pauperis* and Order to Amend, ECF No. 13 at 4–5, the Court finds that abstention under the principles of *Younger* is appropriate in this case and declines Petitioner's request to intervene to enjoin state criminal proceedings.  *See Younger v. Harris,* 401 U.S. 37, 53–54 (1971); *Kenneally v. Lungren*, 967 F.2d 329, 331 (9th Cir. 1992); *Perez v. Ledesma*, 401 U.S. 82, 85 (1971). Petitioner may challenge the foundation for his prosecution and the veracity of the complaining witness in the pending state court criminal proceeding.

ORDER DISMISSING ACTION -- 3

Accordingly, **IT IS HEREBY ORDERED:**

1. This action is **DISMISSED without prejudice** to pursuing available state court remedies.

2. All pending Motions are **DENIED AS MOOT.**

3. The District Court Clerk shall **STRIKE** any pending hearings and deadlines in this action.

4. Petitioner shall file no other documents in this action, other than a timely Notice of Appeal.

5. The Court certifies that any appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is therefore **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, enter judgment, provide a copy to Petitioner at his last known address, and **close** the file.

**DATED** January 11, 2023.

                                             *s/ Rosanna Malouf Peterson*
                                             ROSANNA MALOUF PETERSON
                                             Senior United States District Judge